## IN RE ABELLA.

### DISBARMENT Proceedings.

No. 1.—Decided November 12, 1908.

ATTORNEY—TEMPORARY DISBARMENT—GOOD MORAL CHARACTER—POWER OF SUPREME COURT TO DISBAR ATTORNEYS.—In order that any person may be admitted to practice as an attorney at law before the Supreme Court, among other conditions it is necessary that he should be a man of good moral character and, failing in this, he would fail in one of the fundamental requirements for the admission of attorneys to practice law, and this court, which grants that privilege, would undoubtedly have the power to withdraw it.

ID.—TERMS AFFECTING THE MORAL CHARACTER.—In the district court of Humacao, while testifying as a witness, the accused made the following statements: That when he practised his profession in Caguas, Municipal Judge Vergne de la Concha, told him, prior to the trial of Ramón Balcourt for assault and battery, that he was going to fine Balcourt $5 so as to leave a way clear for him to prosecute an action for damages under the condition that whatever was secured as a result thereof should be divided between the judge and the attorney, and having filed the suit withdrew the same before trial because of the fact that he had subsequently become acquainted with Balcourt and had found out what kind of a person he was; and in reply to a question propounded to him Abella Blanco added that when Vergne de la Concha made him the proposition to sue Balcourt he was agreeable because the idea was to demand $500 damages, and although he realized that it was an immoral practice, he saw no reason for refusing to associate himself with the judge because, as he lives from the practice of his profession, he is frequently obliged to defend actions which he realizes are immoral.'; The court held that such words unfavorably affect the moral character of the accused, and temporarily disbarred him from practicing his profession for the term of six months.

The facts are stated in the opinion.

*Mr. José Guzmán Benítez* for defendant.

*Mr. Rossy, fiscal,* for complainant.

At the trial had before the district court for the judicial district of Humacao, on March 28, 1908, in a prosecution against Luis Polo García and Adolfo Hernández Dueño for libel, in testifying as a witness for the defendants, Luis Abella Blanco, among other statements, said that when he practiced his profession in Caguas, the Municipal Judge Vergne de la Concha told him, prior to the trial of Ramón Balcourt, for assault and battery, that he was going to fine Balcourt $5 so as to leave a way clear for him to prosecute an action for damages under the condition that whatever was secured as a result thereof should be divided between the judge and the attorney, and having filed the suit, withdrew the same before trial because of the fact that he had subsequently become acquainted with Balcourt and had found out what kind of a person he was, to which Abella Blanco added, in reply to questions propounded to him, that when Vergne de la Concha had made to him the proposition to sue Balcourt, he was agreeable because the idea was to demand $500 damages, and although he realized that it was an immoral practice, he saw no reason for refusing to associate himself with the judge because as he lives from the practice of his profession, he is frequently obliged to defend actions which he realizes are immoral.

The *fiscal* of this Supreme Court, on June 12 last, filed a motion in which the statements made by Abella Blanco before the District Court of Humacao are set forth, and in which he asks that an order issue to the said attorney requiring him to show cause why his license to practice his profession should not be revoked, and further that, in case of his failure to give a satisfactory answer, a final order issue disbarring him.

The order prayed for by the *fiscal* having been issued to Abella Blanco, and he having failed to deny the facts stated, he alleged as a defense that, in making those statements, his intention was only to justify his action in the eyes of the judge on the ground that members of the legal profession are at times bound to defend persons against whom every

presumption of guilt exists, or who in the belief of their counsel are entirely in the wrong, and that being rather confused, he did not stop to choose the most proper terms with which to express that idea, apart from the fact that, in view of his abnormal physical condition at the time that he testified, he was not in the full possession of his intellectual faculties, and was unable to appreciate and understand the full significance of the questions propounded to him or to express his ideas as conceived by him.

Abella Blanco attached to his answer a certificate of Dr. Gustavo Muñoz stating that he was suffering from neuropathy and an unbalanced condition of mind which easily causes loss of control over his acts, when he is required continuously to exercise his mental faculties; another certificate issued by the Municipal Judge of Cayey, Pablo Alferi, who says that: Abella Blanco practiced almost daily in that court, and that by reason of the confidence that the public feels in him, and the consideration of which he is worthy from the court, in view of his professional standing, he has no objection to state that he is an honor to the Porto Rican bar and the toga which he wears; another certificate from the Judge of the District Court of the Judicial District of San Juan, Pedro de Aldrey, states that he has no knowledge that Abella Blanco ever performed any act whatever which would tend to impair his professional prestige or that would render him less worthy of the consideration and esteem in which he held him while he practiced his profession as an attorney before the first section of that court, during the time that Aldrey was the judge thereof.

In order for any person to be admitted to practice the profession of an attorney at law before the Supreme Court, and the other courts of Porto Rico, among other conditions it is indispensible that he should be of good moral character, and, failing in this, he would fail in one of the fundamental requirements for the admission of attorneys to practice the

legal profession, and this court which grants that privilege would undoubtedly have the power to withdraw it.

Although the statements made by Attorney Abella Blanco before the District Court for the Judicial District of Humacao cannot but affect, as they do affect, his moral character, unfavorably, this Supreme Court, in view of the circumstances of the case, does not consider them sufficient to warrant it in withdrawing the authorization conferred by it upon him, to practice as an attorney at law, especially in the absence of covert acts on the part of Abella Blanco along the lines of the statements made, which undoubtedly require some punishment which, in this case, will be suspension of the privilege to practice the profession for six months.

Luis Abella Blanco is hereby suspended for the period of six months from practicing the profession of attorney at law. This order will be communicated to the district courts with the injunction that they likewise communicate the same to the other courts, and it is hereby directed that this order be entered in the personal record of the party in interest, on file in this court.

*Accordingly decided.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.

Mr. Chief Justice Quiñones did not take part in the decision of this case.